NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL KWAME AMANKRAH, | No. 11-57060 |
| Petitioner-Appellant, | D.C. No. 5:11-cv-00701-CAS |
| v. | |
| F. X. CHAVEZ, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Samuel Kwame Amankrah appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the denial of a habeas corpus petition, *see Fairbank v. Ayers*, 650 F.3d 1243, 1250 (9th Cir. 2011), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm.

Amankrah argues that the prosecutor made several remarks during closing argument that violated Amankrah's Fifth Amendment right not to testify under *Griffin v. California*, 380 U.S. 609, 615 (1965). The California Court of Appeal analyzed the prosecutor's entire closing argument and concluded that two of the comments were improper, but that the *Griffin* error was harmless under *Chapman v. California*, 386 U.S. 18, 24 (1967). The state court's rejection of Amankrah's claim was not contrary to, nor an unreasonable application of, either *Griffin* or *Chapman*, nor an unreasonable determination of facts based on the evidence presented. *See* 28 U.S.C. § 2254(d); *see also Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015). Moreover, given the significant evidence of his guilt at trial, Amankrah has not shown that the prosecutor's remarks had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotations omitted); *see also Davis*, 135 S. Ct. at 2198.

Amankrah's motion to present late new evidence is denied.

**AFFIRMED.**